Weygandt, C. J.,
dissenting. Under the law this court is not permitted to concern itself with the merits or demerits of the proposed constitutional amendment.
The sole question in cause No. 35352 is whether the action of the General Assembly has been such as to afford the voters of Ohio an opportunity to express their approval or disapproval of the proposal.
Restated and reduced to its lowest terms, the issue before this court is whether a single conceded technical error by the Clerk of the Senate shall be allowed to nullify the other numer *10 ous and important steps correctly followed by the General Assembly in adopting the amended joint resolution by a unanimous vote in both the Senate and the House of Representatives.
Briefly, the resolution was introduced in the House of Representatives and adopted by a vote of 108 to 3. It was then sent to the Senate where it was referred to the Committee on Municipal Affairs. That committee, after consideration, recommended certain amendments in its report to the Senate. The report was accepted by the Senate and placed on its journal of which every member of the General Assembly received a printed copy. Subsequently the Senate adopted the amended resolution by a vote of 29 to 0. Then came the sole error when the Clerk simply miscopied the original instead of the amended resolution. The resolution, labeled “Amended,” was returned to the House of Representatives with a statement containing the exact amendments adopted by the Senate. This statement was incorporated in the printed journal of the House of Representatives. By a vote of 118 to 0 the House of Representatives concurred in those specific amendments and so informed the Senate. Containing those amendments, the printed resolution was duly signed by both the President of the Senate and the Speaker of the House of Representatives.
That no member of the General Assembly could have been misled by the single obviously technical error is demonstrated conclusively by the simple fact that the House of Representatives was requested to concur in the specific amendments and did so. Otherwise there could have been no conceivable reason for requesting the House of Representatives to vote on the resolution a second time.
These circumstances would seem to present a typical situation for the application of the salutary principle enunciated by this court in the second paragraph of the syllabus in the case of Ritzman v. Campbell, 93 Ohio St., 246, 112 N. E., 591, L. R. A. 1916E, 1251, which never has been overruled. It is interesting to note that the opinion in that case was written by Chief Justice Nichols who previously had served as Lieutenant Governor of Ohio and hence ex officio as President of the Senate. Obviously he was not indulging in abstract theory but spoke from actual experience in the General Assembly.
*11 Inasmuch as a joint resolution must be authenticated in exactly the same manner as an ordinary bill, there is no valid reason for confusing the law by attempting an unrealistic distinction.
The judgment of the Court of Appeals should be affirmed and the voters of Ohio afforded an opportunity to approve or disapprove the proposed constitutional amendment.